argument as People v. McClanahan Good afternoon, your honors. May it please the court, counsel. My name is Daniel Janowski, and I represent the defendant appellant in this matter, Chase McClanahan. When the trial court sentenced Chase to 39 years for a crime he committed at 19, it violated two important protections for young people. The first is the Eighth Amendment prohibition against cruel and unusual punishments under the U.S. Constitution, and the second is the proportionate penalties clause of the Illinois Constitution. Therefore, we ask that this court remand this case for a new sentencing hearing in accordance with those provisions. And the reasons why young people are offered these protections have been found by the U.S. Supreme Court, as well as courts throughout the state, beginning with Roper, and they're threefold. The first is that young people lack maturity, and they have an underdeveloped sense of responsibility, resulting in impetuousness in well-considered actions and decisions. They're more vulnerable to negative influence and have limited control over their own environment and their ability to extract themselves from that environment. And finally, that their character is not as well-formed, and their personality traits are more transitory and less fixed. The protections... Counsel, why don't you tell me why this case is different from People v. Thompson from our Supreme Court? Thompson, 19-year-old, sentenced, and they said that it was a forfeiture of the issue on appeal. Why is a forfeiture an issue here? This was not raised during the... Yes. Yes, Thompson... And while I agree with you that somehow the courts have drawn a bright line between the age of 18 and 19, for reasons we don't know, Thompson is a 19-year-old where they said the issue was forfeited. Yes, and I believe, now that my memory is refreshed, Thompson is... There's a lot of cases, a lot of cases... Is this your first time here? It's my second time here. It's the first time I've hosted. Probably first with me. Yes, that's right. Sorry. That was a 214-01 petition, and the reason why it was deemed forfeited is because, if I remember correctly, the issue was that Thompson, he had raised a 214-01 petition, and then whenever he had appealed it, he had, in essence, rewritten what he had written in the 214-01 issue, and so therefore, the issue of this actual sentencing in his age was raised to the trial court, and so therefore, the issue was deemed to be forfeited. But the issue wasn't raised here either. It was raised, Your Honor. It was raised both at sentencing and at the post-conviction hearing. It was somewhat unartfully raised, but trial counsel, both for Perry County Court, referenced Miller, Graham, and Wilker with the trilogy of U.S. Supreme Court cases, and incited those as well in her motion to reconsider her sentence. The State's argument is not true. I don't believe it's true. You yourself indicated that there's a bright line between 18 and 19. Yes. That seems to be a consistent expression of the legislature. It's reflected in the statutory treatment of younger people with young being designated 18 and below. Aren't we bound by that? I understand the sociological and psychological arguments that you've made and that you reference, but we are not legislators. Aren't we bound by what the legislature has indicated in the statutory scheme as a bright line rule? I believe that that bright line rule is operative right now under the law only as it applies to the Eighth Amendment protections. I think I've referenced in cases from the First District under the Proportion of Penalties Clause that have shown that those protections can be extended to defendants that are over the age of 18. There was a 19-year-old defendant and an 18-year-old defendant in two cases there. But to get back to the Court's question of the Eighth Amendment, yes, there is a bright line rule, and obviously the Court's aware of the psychological and scientific... of the proportionality part of your argument and not the Eighth Amendment part. Primarily, what we're asking this Court to do is to kind of... The dominoes have been set up in that the law, finding why the Eighth Amendment applies to those under the age of 18, and now that the science also supports those reasonings for those over the age of 19... or over the age of 18, we're asking the Court for an extension of the law for those Eighth Amendment protections. But yes, the main thrust of our argument would be if the Court does not want to extend that law under the Eighth Amendment to the only proportion of Penalties Clause. And which case are you relying on for the 19-year-old? That was a case of People v. House. It was a First District case that was cited in my brief. There, he was 19 years old, had been sentenced to a mandatory natural life sentence under the Committee for Accountability Theory under first-degree murder. And he had no violent prior history in the criminal case. And the Court there found he was minimally culpable and therefore wasn't deserving of the mandatory natural life sentence and found it a violation of the Proportion of Penalties Clause. In that case, I may be remembering the wrong case, but in House, was that the case where the 19-year-old claimed it was basically life because of the number of years he'd been sentenced to? Not in that one. I think that was the other case, one of the two age cases, House v. Harris. There, the defendant was 18, so obviously no longer a juvenile who had received a sentence of 76 years. That was part of, I believe it was part of the statutory scheme with a firearm enhancement. And there, due to his age of 18, it argued that yes, there was a de facto life sentence there. And therefore, since he would have no ability to be released at that time, was entitled to those protections as well. However, that Illinois Proportion of Penalties Clause does not necessarily require a finding of a de facto life sentence. The case of Ortiz does not make any type of finding in that regards before the Illinois Proportion of Penalties Clause is operative. Additionally, in that case of people against Ortiz from the 1st District, there the court discusses exactly what the court should be required to do before imposing a mandatory or even a discretionary life sentence in prison for it to be constitutionally valid. It must be considered youth in its attendant circumstances. This gets to the holding in the Illinois Supreme Court case of Holman, in which case it found that the court should consider age and maturity, incompetence, their home life, the degree of participation, and the prospects at rehabilitation. And additionally, the case of Ortiz is instructive here because in that case, the court found, made reference to two of those. Made reference to his age at the time of the crime, and secondly, his home life. However, the 1st District in that case found that the court never really actually considered those and the record was lacking in that regard, so therefore it had been remanded back to the trial court in order to take those considerations into account. The fact that defense counsel at sentencing, and especially during the motion to reconsider, asked the court to take into account the defendant's age and mentioned these cases of Miller, Roper, and Graham, isn't that an indication to you that the court did take into account your client's age and his history? I mean, he looked at the history, the drug history, that was argued, his health, his childhood. The defendant made a statement in allocution apologizing. I mean, don't you think the court really did take this into account? Well, the court made a reference and had looked at the PSI and had made a reference as well to the defendant's age. And that's pretty well where the court's comments on before the sentencing in reference to my client's characteristics and his... Well, what more would you want to see? I mean, the PSI contained a lot of information about your client and his background. And then, of course, you have the client's biology. Yeah. What more would you have wanted the court to do? Well, we would like for the court to be able to consider those this time. The court did consider those. The court said it looked at the PSI. We have to accept the PSI as a document that's reliable, that the court looked at under the law. And I guess since the court didn't make any specific references out of the PSI other than just his age, that's what we'd ask... So you think the court has to read it again? I think during sentencing that the court should make some type of findings to say that it's weighing these factors, that he had a poor home life, that his father died at the age of 13, that he was without work, living with his grandparents, to weigh those factors against what the court had actually considered primarily during the sentencing. And that was the crime and the ailments. Well, the crime was pretty heinous. Yes, it was, Judge. A 13-month-old child. It was. 12 months. But I want to ask one question. Are you aware of any statute that requires the court to make the specific findings as opposed to saying, I've reviewed the PSI, I recognize he's 19 years old? I'm not aware of any statute that requires that, Your Honor. Okay. Thank you. Thank you, Your Honor. Counsel? New Police Court. Good afternoon again, Your Honors. Counsel? My name is Erin Wilson-Legler, and I'm here on behalf of the state. As Your Honors are aware, the briefing in this case is pretty extensive, so I'd like to focus on a few points raised by a defendant in his reply brief and hear an oral argument today. To start, just in case you mentioned Thompson, Thompson is absolutely relevant to this case. In fact, it is dispositive. In his reply brief, a respondent claims that the state conflates preservation with factual development. However, that was the whole point of the court's decision in Thompson. The issue was forfeited because the defendant failed to raise his as-applied constitutional claim in the trial court, and therefore there was no factual development in the record of the defendant's as-applied constitutional claim. Thompson is nearly identical to the facts here. There, the defendant argued for the first time on appeal that Miller protections ought to be extended to adults over the age of 18 due to evolving scientific advances. The Supreme Court rejected the notion that the defendant's sentence was spatially unconstitutional because he was not a minor. Because the defendant was foreclosed from raising a facial constitutional claim, he could only raise an as-applied claim. However, he didn't make that claim in the trial court, and therefore the record was devoid of any sort of factual development of why the Miller rationale should apply to that particular defendant in that particular case. There's no difference here. Let me ask you, though. Assume for the moment that Thompson does not apply and that we have to look at the proportionate penalties clause issue. Do you have an opinion as to whether the trial court did or did not consider this in light of the fact defense counsel raised Miller and Roper? Yes, Your Honor. The trial court absolutely considered defendant's youth and its attendance characteristics at sentencing. The trial court expressly stated that it considered the PSI, which the State went through each and every Miller factor set forth in Holman and showed where the PSI or the trial court's expressed comments met those factors. The trial court took into account his home life, his history of drug use, his young age, and his semen allocution. And those were sufficient for the trial court's decision to be in compliance with Miller, even if Miller were to apply to this case, which it does not. With respect to the proportionate penalties clause, our Supreme Court recently held in Patterson that the proportionate penalties clause of the Illinois Constitution is co-extensive with the Eighth Amendment of the United States Constitution. Therefore, if there is no Eighth Amendment violation, then there can be no proportionate penalties clause violation. Here, Petitioner... Is that a case you decided in your brief? Yes, it is, Your Honor. Patterson. Here, defendant cannot prove that there was an Eighth Amendment violation because, one, Miller does not apply to adults, and two, the trial court did comply with Miller, even if it did apply. So, if there is no Eighth Amendment violation based on Miller, then there can be no proportionate penalties clause violation. Moreover, defendant's argument conflates a proportionate penalties argument with an excessive sentence argument. A proportionate penalties argument attacks a statute or the statutory scheme as it is applied to the defendant, whereas an excessive sentence argument merely attacks the sentence, which is what defendant is doing here. Defendant does not argue that there is any particular statute or mandatory add-on or anything of that nature that renders his 39-year sentence unconstitutional. He's only arguing that it is excessive in light of the purported mitigating factors which the trial court took into account at sentencing. In fact, most of the cases, if not all the cases, relied on defendant in respect to his proportionate penalties clause, either argued that a mandatory firearm add-on or several cases addressed the automatic transfer statute because the operation of those statutes, the defendant was then faced with, even if he was sentenced to the minimum, it would be a substantial sum of years, often a de facto life sentence, and that's why the sentence violated the proportionate penalties clause, because of the operation of the statutory scheme. However, even if this proportionate penalties clause violation, or this proportionate penalties argument was a cognizable proportionate penalties claim as opposed to merely an excessive sentence claim, defendant's sentence does not shock the moral conscience, and the trial court properly tempered respondent's potential for rehabilitation with the seriousness of this crime, as discussed in the state's brief. For that reason, a lawyer's court may reject respondent's proportionate penalties claim. But I do want to go back to Thompson, because Thompson, as I stated earlier, is dispositive in this case. Simply raising youth and citing to Miller, Roper, and Graham at sentencing and on the motion to reconsider sentence is not the same as raising an as-applied constitutional claim. What defense counsel was doing was stating that respondent's youth was a mitigating factor in this case, as defense counsel should have done. To quote from Thompson, the record contains nothing about how the science applies to the circumstances of defendant's case, which is the key showing for an as-applied constitutional challenge. Nor does the record contain any factual development on the issue of whether the rationale of Miller should be extended beyond minors over the age of 18. The same applies to this case. There is no factual development of this claim in the trial court, because defense counsel was not raising an as-applied constitutional claim. Defense counsel was merely asking for a defendant's sentence to be mitigated. And if your honors have no further questions, the state will stay on the remaining arguments presented in this brief and respectfully request that this court affirm defendant's sentence. Thank you, counsel. Counsel? Two points I want to apply as the court had alluded to at the end of my initial argument. This was a brutal crime, however these protections only come up whenever there is a brutal or heinous crime, because we're talking about sentences that are very lengthy, mandatory life, natural life, discretionary life, or de facto life sentence. So those are only applied to the defendants who are the most violent or most heinous of those crimes. So that's why these protections are still there to protect those defendants. What are you saying with the state's argument that you're really arguing about the sentence as opposed to an as-applied constitutional claim? That's why I asked you about Thompson at the very beginning of this case. Your claims seemed to be the sentence was too long. That's exactly what my argument is. Unless the sentence is too long the only way you can raise one of these challenges is if the sentence is too long. Did the last court indicate that it did not sentence as long as it could have because of the age of the defendant? Did it explicitly say that? Yes, the court did make the comment that if it wasn't for his age he would have received a longer sentence. I believe that's where the Ortiz case from the first district side of my brief says that even referencing the age during the sentencing isn't sufficient to show that the court considered the circumstances of his youth and the circumstances. My second point I'd like to raise on rebuttal here is that the portion of penalties caused in the 8th Amendment are not co-extensive. The only thing that's co-extensive about those two provisions are their application. So they only apply if there is an actual punishment that's meted out by the court. The case of Patterson raised that issue in regards to whether the mandatory transfer statute could be a violation of those clauses but since that was not the actual sentence that was received the operative statute for the sentence that's the reason why they were co-extensive. The case of Clemmings makes that distinction. First district cases show that the portion of penalties clause has a broader range than what the framers of the 8th Amendment believe that to be and so therefore they are not co-extensive. If the court has no further questions? I don't think we do. Thank you, Your Honor. We appreciate the briefs and arguments from counsel. We will take the case under advisement.